Monell, J.
(concurring). The new trial of this action was upon substantially the same evidence as was given upon the first trial. The only difference claimed by the appellant’s counsel is in respect to the consideration of the deed from Anthony to Edwin and Elijah Houghton, and the consideration of the mortgage to the defendant.
Upon the first trial, it seems to me, the charge to the jury must be deemed to have assumed that there was sufficient proof of a delivery of the deed to the defendant, and the jury were instructed that if they found either that it was agreed between Anthony and Charles Houghton to take the property in question and release the Rhode Island property, or that the purchase of the judgment in Boston was really made for the benefit of Houghton, they should find for the defendant.
' Upon the appeal, the charge was held to be erroneous, not for assuming that there had been a delivery of the deed to Anthony prior to the title acquired by the plaintiff (which the learned justice who delivered the opinion of the Court would not admit had been assumed), but for assuming that the mere making of the agreement between Anthony and Charles Houghton transferred the legal title to Anthony, nevertheless, I think the question of the delivery of the deed to Anthony was involved, and if, required, as it certainly did receive, an examination of all the evidence touching such alleged delivery; and, as the Court then distinctly decided that point, it is res judicata.
The questions then examined were whether the leaving the deed with Wetmore was a delivery thereof by Houghton, as his deed to Wetmore for the use of Anthony, with intent to pass the title to Anthony, whether such deed was then accepted by Wet-more, he being authorized by Anthony to accept it for him; and whether there was any such acceptance by Anthony in Sep *146 tember as would relate back to the day of the leaving the deed with Wetmore, and cut off intervening rights?
Upon these several questions the Court examined all the evidence, and decided that they must be answered in the negative.
There was nothing, therefore, on the second trial for the jury to pass upon, so far as related to the delivery of the deed to the defendant, unless, as is now claimed by the appellant’s counsel, the question of delivery was so entirely a question of fact that it could not correctly be taken from the jury.
The office of a jury is to find facts upon conflicting evidence. If there is no dispute and the proof is clear, then it is the duty of the Court to apply the law and pronounce judgment. And even where the evidence is not wholly on one side, yet if a verdict would be set aside as being against the clear weight of the evidence, the Court should so direct the verdict.
In this case there was not any dispute or conflict in the evidence establishing the facts constituting what was claimed to be a delivery of- the deed to Anthony; and the Court had the right, and it was its duty, to say which of the parties, upon such undisputed facts, was entitled to a verdict from the jury. And the learned justice following, as he was bound to do, the decision of the General Term, held the facts insufficient to constitute a legal delivery.
I do not find any thing in tills case which takes it out of the ordinary rule regulating trials by jury; and the only distinction which was attempted to be taken was that the alleged delivery and acceptance of the deed was a question of “intent” and therefore should have been determined by the jury. But I cannot admit there is any such distinction. If the facts and circumstances are such as to repel a presumption of an intention to deliver and accept, and the only conclusion which could legitimately be reached is that there could not have been an intention to deliver or accept, then it cannot be said there was any conflict) or that the jury should pass upon the question.
Under the statute relating to fraudulent conveyances, where fraud is made a question of “fact” it has been decided (Gris-. *147 wold v. Sheldon, 4 N. Y. R., 581) that it was the duty of the Court to nonsuit, where the conveyance, under which the plaintiff claimed, appeared upon its face to be fraudulent. To the same effect is Edgell v. Hart, 9 N. Y. R., 213, in which a chattel mortgage was attached on the ground of fraud, and it was there said, if the facts are undisputed, the court should direct the judgment; and a non-suit was sustained. And in Butherson v. Jones, H. & D. R. (Lalor), 171, it is said that, although the inference is one to be drawn by the jury, yet, where the weight of the proof is so decisive that if the jury had found against it a new trial would be granted, it need not be left to them. That case involved a question of delivery of a deed.
Hone of the cases cited by the appellant’s counsel reach the point I am considering; nor am I aware of any case or principle which renders a question of intent so purely and exclusively a question for the jury that the Court cannot take it from them.
In this ease, therefore, as this Court has held upon the same facts that there had not been a delivery of the deed to Anthony prior to the recovery of the judgment against Houghton, it woixld have been error to have left the question of delivery to the jury.
The appellant’s counsel requested the judge below to submit to the jury whether the assignment of the judgment was procrn-ed from the Merchants’ Bank for the benefit and in behalf of Houghton, or in collusion with him, for the purpose of enforcing it as a lien upon the premises.
There was no attack made upon the judgment. That must have been conceded to have been valid; and I do not, therefore, see in what manner the allegation of obtaining the assignment of a good judgment for a small or inadequate consideration can very well affect the title made under it. It was so held when this case was up on the first appeal, and the evidence is no stronger now than it was then.
I have not found any evidence showing that the purchase of the judgment was made for Houghton, or that he had any beneficial interest in the purchase. Mrs. Carnes paid the considera *148 tion,-whatever it was, and however much her husband may have desired to befriend or assist Houghton, there was nothing shown in the transaction of any collusions or fraud between them which could in any way affect or impair the rights 'of the assignee. If the bank was imposed upon or overreached, it alone can complain. It would not, most certainly, invalidate a title obtained under.the assigned judgment; nor would it authorize a preference to be given to either subsequent grantees or creditors. At any rate, the evidence fell much short of showing that the judgment was assigned only nominally to Mrs. Carnes, and really to Houghton, so as to authorize a finding that the latter was the real owner of the judgment. Any thing short of such evidence would not support the allegations in the answer to which the proof was directed.
I have noticed all the requests to submit questions to the jury, and no claim can now be made that there were others which ought to have been submitted.
I am satisfied there was no error committed at the trial, and that we should affirm the judgment.